1   Christopher D. Nissen, Esq.
    State Bar No. 202034
2   MANNING & MARDER
    KASS, ELLROD, RAMIREZ LLP
3   15th Floor at 801 Tower
    801 South Figueroa Street
4   Los Angeles, CA 90017
    Telephone: (213) 624-6900
5   Facsimile: (213) 624-6999
    Email: cdn@mmker.com
6
    Stan Sneeringer, Esq.
7   State Bar No. 6256693
    PEDERSEN & HOUPT, P.C.
8   161 North Clark Street, Suite 3100
    Chicago, IL 60601
9   Telephone: (312)261-2238
    Facsimile: (312)261-1238
10  Email: ssneeringer@pedersenhoupt.com

11  Attorneys for Defendant
    PC ACQUISITION, INC.

12

13                  UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16  AVERY DENNISON Corporation, a Delaware    )   Case No.: SACV10-64 AG (MLGx)
    Corporation; and AVERY DENNISON OFFICE    )
17  PRODUCTS COMPANY, a Nevada Corporation,   )   **ANSWER OF DEFENDANT PC
                                              )   ACQUISITION, INC.**
18                          Plaintiffs,       )
                                              )
19  vs.                                       )   Complaint Filed: January 14, 2010
                                              )
20  PC ACQUISITION, INC., a Delaware Corporation, )
                                              )
21                          Defendant.        )
                                              )
22  _____  )

23          Defendant/Counterclaimant Avery PC Acquisition, Inc., d/b/a Personal Creations ("PC"), by and

24  through its attorneys, as and for its Answer to Avery Dennison Corp.'s ("Avery") and Avery Dennison

25  Office Products Company's ("ADOP") Complaint for Declaratory Judgment, states and alleges as

26  follows:

27  ///

28  ///

-1-

**ANSWER OF DEFENDANT PC ACQUISITION, INC.**

1

**ANSWER**

2    **1.**    Plaintiffs bring this action in response to Defendant's attempt, through AVERY, to preclude

3    ADOP from using the term "Personal Creations" in connection with the famous AVERY brand

4    and logo to denote a line of ADOP products on which purchasers print their personalized

5    graphics from their own desktop printers.

6    **ANSWER:**    PC admits that Avery and ADOP employ PC's federally-registered trademark,

7    PERSONAL CREATIONS, in connection with the sale and offering for sale of a line of products

8    without the permission or authorization of PC and that PC seeks to prevent further infringement of its

9    trademarks. PC lacks knowledge or information sufficient to form a belief as to the truth of Avery's and

10    ADOP's allegations regarding their subjective purposes for bringing their action for declaratory

11    judgment or the use to which their customers put their products. PC denies all other allegations

12    contained in Paragraph 1 of the Complaint.

13

14    **2.**    Defendant's position is baseless and Plaintiffs now seek declaratory relief to ensure that ADOP

15    can continue describing its line of these "do-it-yourself" craft kits for the consumer's desktop

16    printer as AVERY Personal Creations.

17    **ANSWER:**    PC lacks knowledge or information sufficient to form a belief as to the truth of Avery's

18    and ADOP's allegations regarding their subjective purposes for bringing their action for declaratory

19    judgment. PC denies all other allegations contained in Paragraph 2 of the Complaint.

20

21    **Jurisdiction and Venue**

22    **3.**    This is an action for declaratory relief under the Lanham Act, 15 U.S.C § 1051 et seq., and the

23    Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. This Court has subject matter jurisdiction

24    pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 2201, and 15U.S.C. § 1121.

25    **ANSWER:**    PC admits that the Complaint purports to state claims under the Lanham Act, 15 U.S.C

26    § 1051, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* PC denies that this court's

27    subject matter jurisdiction over the cause of action alleged in the Complaint is founded in 28 U.S.C. §

28    1338(b), as the Complaint does not purport to state a claim for unfair competition. PC denies that this

-2-

1  court's subject matter jurisdiction over the cause of action alleged in the Complaint is founded in 28

2  U.S.C. § 2201, as no actual controversy existed at the time the Complaint was filed. Notwithstanding

3  the foregoing, PC does not contest the court's subject matter jurisdiction over the Complaint and PC's

4  Counterclaims.

5

6  **4.**    Acts giving rise to the claims asserted herein have occurred in this District. Venue properly lies

7         within the Central District of California pursuant to 28 U.S.C. § 1391.

8  **ANSWER:** PC admits that, had an actual controversy existed at the time the Complaint was filed,

9  venue would have properly lied within the Central District of California pursuant to 28 U.S.C. § 1391.

10  Notwithstanding the foregoing, PC does not contest venue.

11

12  **5.**    This Court has personal jurisdiction over Defendant because, on information and belief, it

13        solicits sales in California, takes orders on-line in California, and ships goods to California,

14        including within this judicial district; and therefore has purposefully availed itself of the laws

15        of this judicial district.

16  **ANSWER:** PC admits the allegations of Paragraph 5 of the Complaint.

17

18                              **The Parties and the Facts**

19  **6.**    Plaintiff AVERY is a Delaware corporation with a principal place of business at 150 N. Orange

20        Grove Blvd., Pasadena, CA 91103. AVERY is engaged in the production and sales of

21        pressure-sensitive adhesives and materials, office products, and a variety of other products.

22  **ANSWER:**    PC admits the allegations of Paragraph 6 of the Complaint.

23

24  **7.**    Plaintiff ADOP is an affiliate of Plaintiff AVERY. It is a Nevada corporation with a principal

25        place of business at 50 Pointe Drive, Brea, CA 92821. ADOP engages in the production and

26        sales of, *inter alia*, personalized craft project products, being printer-friendly materials designed

27        to permit consumer "crafters" to print their graphics and/or text onto stationery, greeting cards,

28        scrapbooks, magnetic papers, and transfers for T-shirts, using their own printers.

**ANSWER OF DEFENDANT PC ACQUISITION, INC.**

1    **ANSWER:**    PC lacks knowledge or information sufficient to form a belief as to the truth of Avery's

2    and ADOP's allegation that ADOP is an "affiliate" of Avery or that ADOP's products were "designed"

3    to serve particular purposes for particular consumers or categories of consumers. PC denies that

4    ADOP's products are suitable only for use by the consumers or categories of consumers for whom they

5    were allegedly "designed." PC admits the remaining allegations of Paragraph 7 of the Complaint.

6

7    **8.**    Upon information and belief, Defendant is a Delaware corporation with offices at 19 W. 661

8          101st St., Lemont, IL 60439 and, with respect to the trademarks asserted herein, is in the internet

9          business by which consumers select and purchase from an on-line catalog of pre-existing gift

10          items, to be personalized as specified by the consumer and created by Defendant which are,

11          when completed, shipped to the consumer or the consumer's gift recipient.

12    **ANSWER:**    PC admits that it is a Delaware corporation with offices at 19W661 101st Street in

13    Lemont, Illinois, and that the U.S. ZIP Code for that address is 60439. PC admits that it employs the

14    federally-trademarks referenced in the Complaint, as well as various substantially similar common law

15    marks, in connection with both mail order and online sales of various products, including but not

16    limited to personalized stationery, envelopes, greeting cards, note cards, stickers, labels and other

17    stationery products and personalized t-shirts, sweatshirts, infant rompers and other apparel products.

18    PC further admits that these products are personalized by PC at the request of consumers and shipped

19    to the consumers or the consumer's gift recipient. PC denies all other allegations contained in Paragraph

20    8 of the Complaint.

21

22    **9.**    By its letter from its counsel to AVERY dated December 22, 2009, Defendant, claimed, *inter*

23          *alia*, that Avery Dennison's use of the term Personal Creations in its business is likely to cause

24          consumer confusion and damage to PC Acquisition, Inc., citing 15 U.S.C. §§ 1114(1), 1125(a),

25          the Illinois Uniform Deceptive Trade Practices Act, 815 § 510/1, *et seq.*, the Illinois Consumer

26          Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*, the Illinois Trademark

27          Registration and Protection Act, 765 § 1036/1, *et seq.*, and the common law. A copy of this

28          cease and desist letter is attached hereto as Exhibit 1.

1  **ANSWER:**    PC admits that its counsel sent a letter to Avery dated December 22, 2009; and that the

2  letter stated, in pertinent part, that "Avery's use of the Mark in connection with goods substantially

3  identical or related to those offered by PCI is likely to cause consumer confusion and damage to PCI.

4  Accordingly, this use may be in violation of PCI's exclusive and proprietary federal and common law

5  rights to the Mark and may constitute violations of the federal Lanham Act, 15 U.S.C. §§ 1114, 1125(a),

6  the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 501/1, *et seq.*, the Illinois Consumer

7  Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et seq.*, the Illinois Trademark

8  Registration and Protection Act, 765 ILCS § 1036/1, *et seq.*, and the common law." PC admits that a

9  copy of the December 22, 2009, letter is attached to the Complaint as Exhibit 1.  PC denies all other

10  allegations contained in Paragraph 9 of the Complaint.

11

12  **10.**    ADOP has used the "AVERY Personal Creations" term to describe its printer-friendly paper and

13  craft products for at least twelve years, uninterrupted, openly and notoriously, for the same

14  products of which Defendant now first complains. Plaintiffs are aware of no instances of actual

15  confusion during this co-existence of more than a decade. Exhibit 2 hereto consists of the front

16  and back covers of ADOP's 1997-98 Fall Line Specification Catalog, and p. 29 thereof, showing

17  "Avery Personal Creations Ink Jet Cards and Label Products," and a letter to Avery customers

18  dated November 15, 1997 (printed on the inside front cover) transmitting the catalog. Exhibit

19  3 hereto consists of an ADOP package for its "White Photo Frame Cards for Inkjet Printers,"

20  showing the AVERY trademark and logo; page 2 of Exhibit 3 shows the 1997 copyright notice

21  on the back of the package, consistent with the 1997 date of introduction of the Avery Personal

22  Creations paper products.

23  **ANSWER:**    PC admits that ADOP uses the mark PERSONAL CREATIONS in connection with its

24  sale and offering for sale of particular products. PC admits that documents attached as Exhibits 2 and

25  3 to the Complaint appear to be the documents described in Paragraph 10 of the Complaint.  PC lacks

26  knowledge or information sufficient to form a belief as to the truth of Avery's and ADOP's allegations

27  regarding the duration, constancy, openness or notoriety of its use of the mark PERSONAL

28  CREATIONS, or that the documents attached as Exhibits 2 and 3 to the Complaint constitute true and

-5-
**ANSWER OF DEFENDANT PC ACQUISITION, INC.**

1    accurate copies of the documents described in Paragraph 10 of the Complaint. PC denies all other

2    allegations contained in Paragraph 10 of the Complaint.

3

4    **11.**    Exhibit 4 is a group exhibit showing ADOP's current product line, displaying the packages of

5          AVERY Personal Creations printable products, which consumers can buy to create, at their

6          desktops, personal greeting cards, stickers, scrap books (journals), tags, labels, and T-shirt

7          transfers for ironing on T-shirts. The AVERY name and logo appears directly above "Personal

8          Creations" on the packaging in all instances. Plaintiffs do not manufacture or sell any

9          pre-printed or otherwise personalized greeting cards, stickers, or any other personally created

10         items. The ADOP consumer is the one who actually creates the personalized stationery or

11         T-shirt transfer from the printable product he or she buys at the store as AVERY Personal

12         Creations.

13   **ANSWER:**    PC admits that documents attached as Exhibit 4 to the Complaint appear to be copies

14   of the front of the packaging of various products bearing both the AVERY and the PERSONAL

15   CREATIONS marks and that the AVERY mark and logo appears above the PERSONAL CREATIONS

16   mark on each of the documents attached as Exhibit 4 to the Complaint. PC lacks knowledge or

17   information sufficient to form a belief as to the truth of Avery's and ADOP's allegation that the

18   documents attached as Exhibit 4 constitute true and accurate copies of the front of the packaging of

19   these products; that the items identified in Exhibit 4 to the Complaint constitute the entirety of ADOP's

20   current product line; or that Avery and ADOP do not manufacture or sell any pre-printed or otherwise

21   personalized greeting cards, stickers, or any other "personally created" items. PC denies all other

22   allegations contained in Paragraph 11 of the Complaint.

23

24   **12.**    In contrast to Plaintiffs product and marketing channels, Defendant's business requires its

25         customers to review its web site www.personalcreations.com, speaking, if they wish, with

26         Defendant's "friendly customer service staff," and/or clicking "to chat with a personal shopper,"

27         to select and purchase specific gift items, and to pick a personal message or image to be affixed

28         by Defendant, and, after the item is personalized, shipped by Defendant to its customers.

**ANSWER OF DEFENDANT PC ACQUISITION, INC.**

**15.**     The term in which Defendant claims a trademark has been employed frequently for many years by numerous persons and entities to denote goods and services featuring various personal creations, and is a weak mark at best.

**ANSWER:**    PC denies the allegations contained in Paragraph 15 of the Complaint.

**16.**     Plaintiff ADOP chose the "Personal Creations" name to denote that the user can make his or her own personal creations, downloading the user's images and graphics and using most brands of creative software to print these creations at home, office or classroom from a desktop printer.

**ANSWER:**    PC denies the allegations contained in Paragraph 16 of the Complaint.

**17.**     Even if Defendant's weak mark were enforceable, there could be no likelihood of confusion – the crux of any infringement, unfair competition, or unfair trade practice claim – among other reasons because the goods of the respective parties are different, and are sold in very different channels of trade. Moreover, as Defendant's own cease-and-desist letter attachments evidence, the famous AVERY brand name and Plaintiffs' famous and distinctive logo appear on each product as packaged, and in every advertisement, on line and elsewhere, identifying the source of the AVERY Personal Creations printable products.

**ANSWER:** PC denies the allegations contained in Paragraph 16 of the Complaint.

**Count I**

**Declaration of Non-Infringement of Claimed**

**Personal Creations Trademarks**

**18.**     Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs 1 through 17 above as though set forth in full herein.

**ANSWER:**    PC incorporates herein by reference its answer to each and every allegation contained in Paragraphs 1 through 17 above as though set forth in full herein.

///

///

-8-

**ANSWER OF DEFENDANT PC ACQUISITION, INC.**

1    **ANSWER:**    PC admits that its business requires its customers to select and purchase specific items

2    and that it ships items to its customers. PC denies all other allegations contained in Paragraph 12 of the

3    Complaint.

4

5    13.    As a further example of the differences between the parties' businesses, Defendant's web site

6    includes six videos taking the viewer into its "production area," explaining how Defendant

7    manufactures its personalized gifts in each of six categories, namely Canvas Products,

8    Embroidered Products, Hand Painted Products, Hot Stamp Products, Laser Products, Rotary

9    Products, Sand Blast Products, Sublimation Products, and Vinyl Products.

10    http://www.personalcreations.com/video/default_video.asp    For example, if a customer

11    purchases a framed canvas picture, the video shows how the Defendant prints an oversized piece

12    of canvas with the desired image, how it builds a frame, wraps it, and sends it to the gift

13    recipient. Defendant's "for purchase" items to be personalized and created by Defendant include,

14    *inter alia*, wine bottles, lamps, stamp dispensers, wind chimes, stemware, slate floor mats, pet

15    memorial stones, and other objects, in addition to stationery and apparel made by Defendant at

16    its premises for shipment to its customers.

17    **ANSWER:** PC admits that videos demonstrating the process by which it personalizes various items are

18    publicly    available    on    PC's    website    at    the    URL

19    http://www.personalcreations.com/video/default_video.asp, that one of these videos shows the

20    personalization of a canvas product, that PC sells the products listed in Paragraph 13 of the Complaint

21    in addition to the stationery and apparel products at issue and that PC makes certain products at its

22    premises and ships them to customers. PC denies all other allegations contained in Paragraph 13 of the

23    Complaint.

24

25    14.    In contrast to Defendant's business, some ninety-seven percent (97%) of ADOP's AVERY

26    Personal Creations printable craft products are sold through brick and mortar, third party, mass

27    market retail stores, including office/stationery retailers Staples, Office Max, and Office Depot.

28    **ANSWER:** PC denies the allegations contained in Paragraph 14 of the Complaint.

-7-

**19.**    By virtue of Defendant's cease-and-desist letter to AVERY dated December 22, 2009, arising from the name of the product line of an affiliate subsidiary, ADOP, an actual controversy has arisen and exists between Plaintiffs and Defendant within the power of this Court to determine pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202.

**ANSWER:**    PC denies the allegations contained in Paragraph 19 of the Complaint.

**20.**    Defendant has claimed that it has protectible trademark rights in the term Personal Creations. Defendant has claimed that AVERY's use of "Personal Creations" creates a likelihood of confusion between the goods of the respective parties, and that AVERY's use is infringement and unfair competition, unfair trade, and may constitute a violation of Illinois statutes and the common law. Defendant has created a reasonable apprehension on the part of Plaintiffs that Defendant will bring an action against them for, trademark infringement, and unfair competition under, *inter alia*, the Lanham Act, and for violation of Illinois laws.

**ANSWER:**    PC admits that it has claimed to have protectable trademark rights in its federally-registered mark PERSONAL CREATIONS and common law variations thereof and that Avery's and ADOP's use of the PERSONAL CREATIONS mark creates a likelihood of confusion between the goods of the respective parties.  PC denies all other allegations contained in Paragraph 20 of the Complaint.

**21.**    Plaintiffs have not infringed and are not infringing in any way Defendant's claimed trademark rights to Personal Creations, nor are they engaged in unfair competition, or in any other actionable conduct as claimed in Defendant's Exhibit 1 Cease and Desist letter. Moreover, Defendant has waited too long to complain, after co-existing with Plaintiffs for at least 12 years.

**ANSWER:**    PC denies the allegations contained in Paragraph 21 of the Complaint.

**22.**    By reason of the existence of an actual and justiciable controversy, Plaintiffs are entitled to a declaratory judgment that the uses Defendant complains of do not: (i) violate 15 U.S.C. §§ 1114(1) or 1125(a), or(ii) violate any other trademark or unfair competition laws, or Illinois

**ANSWER OF DEFENDANT PC ACQUISITION, INC.**

1   statutes or common law.

2   **ANSWER:** PC denies the allegations contained in Paragraph 22 of the Complaint.

3

4   **23.**   Plaintiffs are entitled to attorneys' fees under 15 U.S.C § 1117(a).

5   **ANSWER:** PC denies the allegations contained in Paragraph 23 of the Complaint.

6

7   **24.**   This Court's determination of the issues presented by the actual controversy between Plaintiffs

8   and Defendant will afford relief from the uncertainty, insecurity and controversy with respect

9   to the rights, status and legal relations between the parties. A declaration of the parties'

10   respective rights will settle the conflicting and disputed claims of the parties, will afford them

11   the security of knowing precisely what their respective rights are, and will prevent a multiplicity

12   of actions that will arise if the parties continue on their present course of action without a

13   judgment from this Court. Declaratory relief is equitable, necessary and proper under the

14   circumstances presented by this case.

15   **ANSWER:** PC denies that an actual controversy existed at the time Avery and ADOP filed the

16   Complaint or that a multiplicity of actions would have arisen if the parties had continued on the courses

17   of action in which they were engaged prior to Avery and ADOP filing the Complaint; or that declaratory

18   relief in favor of Avery and/or ADOP would be equitable, necessary or proper under the circumstances

19   presented. PC admits all other allegations contained in Paragraph 24 of the Complaint.

20       WHEREFORE, PC Acquisition, Inc., respectfully requests that the Court enter judgment in its

21   favor and against Avery Dennison Corp. and Avery Dennison Office Products Co. and denying all relief

22   sought in the Complaint filed by those parties.

23   Dated:   February 8, 2010                    MANNING & MARDER

24                                                KASS, ELLROD, RAMIREZ LLP

25

26                                       By: _____

27                                                Christopher D. Nissen, Esq.
                                                 Attorneys for Defendant PC ACQUISITION,
                                                 INC.

28

-10-